NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

CORNELIUS ANTHONY MEDINA ANGSUCO, *Appellant*.

No. 1 CA-CR 19-0391
FILED 3-31-2020

Appeal from the Superior Court in Mohave County
No. S8015CR201800738
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Chandler
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Jennifer B. Campbell and Vice Chief Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

**¶1** Cornelius Anthony Medina Angsuco[1] appeals his convictions for one count of fraudulent schemes and artifices and one count of forgery of a credit card, class 2 and 4 felonies respectively, and the resulting sentences. Angsuco's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Angsuco was allowed to file a supplemental brief but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Angsuco's convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND

**¶2** In May 2018, L.L. noticed several charges on her credit card that she did not authorize. L.L. lived in South Carolina, but the charges were made in various states, including New York, Texas, California, Nevada, and Arizona. L.L. called the Mohave County Sheriff's Office and informed them that her card had been used in Fort Mohave at various retail shops. Mohave County Deputy Sheriff John Wilson went to one of the shops. Wilson learned that an Asian male with a blue hat and a silver vehicle purchased gift cards and a candy bar. The manager allowed Wilson to view a video recording of the transaction. Wilson then went to the other retail store and received a similar description of the person attempting to use L.L.'s card. Wilson also learned that the silver car had California license plates.

---

[1] On the court's own motion, the caption in this matter has been amended to correctly spell Angsuco's last name. This amended caption shall be used on any future filings.

¶3            L.L. again noticed her card was being used in Fort Mohave at a pawn shop and contacted Wilson. Wilson, who was less than two miles away from the pawnshop, drove to the store where he saw an Asian male carrying a shotgun and a blonde female entering a silver car with California plates. Wilson recognized Angsuco from the surveillance videos and took him into custody.

¶4            Wilson then searched Angsuco and found ten gift and prepaid credit cards and a cell phone. Wilson searched the car and found sealed items from the retailers where the fraudulent charges were made. These items included a receipt from a store containing L.L.'s credit card number charged in the amount of $35.81.

¶5            The State charged Angsuco with one count of fraudulent schemes and artifices, a class 2 felony, and one count of forgery of a credit card, a class 4 felony. Angsuco pled not guilty to both charges. At numerous pre-trial hearings, the parties discussed potential plea offers and the court advised Angsuco of the charges and the potential consequences if found guilty at trial. But Angsuco ultimately did not accept the State's plea offer.

¶6            During the jury trial, L.L. testified that she did not live in Arizona and did not authorize any of the charges made on her card by Angsuco. Justine Murphey, the manager of one of the retail shops, testified that she was working when Angsuco tried to buy various items using a credit card and multiple gift cards. Alaina Gagliano, the manager of another retail shop, testified that she saw Angsuco enter her retail store on the day the card was attempted to be used, and Angsuco had previously bought gift cards from that store on several other occasions. Wilson testified about how credit card fraud occurs, including how people can take credit card numbers and put them onto gift cards, creating false cards. Wilson also testified concerning the circumstances surrounding his investigation and Angsuco's case. After the State's case, Angsuco moved for a judgment of acquittal under Arizona Rule of Criminal Procedure 20, which the court denied. Angsuco elected not to testify in his defense. The jurors found Angsuco guilty as noted above.

¶7            At sentencing, the court suspended the imposition of the sentences and placed Angsuco on three years' probation. As a condition of his probation, the court ordered that he serve 60 days in jail with three days' presentence incarceration credit. Angsuco appealed, and we have jurisdiction under Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

**¶8**　　　　We have read and considered Counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶9**　　　　Angsuco was represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Angsuco all his constitutional and statutory rights, and the proceedings were conducted following the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above supports the jury's verdicts. Angsuco's sentences fall within the range prescribed by law.

## CONCLUSION

**¶10**　　　　We affirm Angsuco's convictions and sentences. After the filing of this decision, defense counsel's obligations pertaining to Angsuco's representation in this appeal will end after informing Angsuco of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by a petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:　AA

4